**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL A. RAMET,<br><br>     Petitioner-Appellant,<br><br> v.<br><br>ROBERT LEGRANDE; ATTORNEY GENERAL FOR THE STATE OF NEVADA,<br><br>     Respondents-Appellees. | No. 18-15206<br><br>D.C. No.<br>3:14-cv-00452-MMD-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted May 15, 2019
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and LASNIK,[**] District Judge.

Daniel Ramet appeals the district court's dismissal of his petition for writ of

habeas corpus under 28 U.S.C. § 2254. Ramet contends that he received

ineffective assistance of counsel in connection with plea negotiations. We review

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

a district court's decision on a habeas corpus petition de novo. *Rodriguez v. McDonald*, 872 F.3d 908, 918 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Ramet was convicted of the first-degree murder of his daughter by a jury in the Nevada state district court for Clark County. He was sentenced to life without the possibility of parole. Before trial, the state had offered Ramet a plea deal of life in prison with the possibility of parole after 15 years. Ramet's trial counsel, Norman Reed, recommended that Ramet reject the deal on Reed's belief that Ramet had a strong chance of obtaining a conviction for manslaughter. Ramet argues that Reed erred by advising him to reject the state's plea offer.

Our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, we must deny habeas relief on any claim adjudicated on the merits in a state court proceeding unless the proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

A criminal defendant is entitled to reasonable assistance of counsel during a criminal prosecution, including during plea-bargaining. *See Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

*Strickland* requires a petitioner to show (1) that trial counsel's performance was so deficient it denied him the counsel guaranteed by the Constitution and (2) that there is a reasonable probability that, but for the deficient performance, the outcome would have been different. 466 U.S. at 687. The Nevada Supreme Court rejected Ramet's ineffective assistance of counsel claim, concluding that Ramet could not show either deficient performance or prejudice. The district court denied Ramet's habeas corpus petition on the deficient performance prong and did not reach the prejudice prong.

Ramet contends that the Nevada Supreme Court and the district court erred in finding that Reed's performance was not deficient because, Ramet argues, Reed's advice was based on a mistake of law.[1] Ramet argues that Reed did not understand that under Nevada law, manslaughter requires "a serious and highly provoking injury" that is "sufficient to excite an irresistible passion in a reasonable person." Nev. Rev. Stat. § 200.050. The record does not support Ramet's contention. Reed's arguments at trial show that he understood the elements of the different degrees of murder and voluntary manslaughter. Reed emphasized to the jury that, although manslaughter requires provocation to be objectively reasonable,

---

[1] We reject the state's argument that Ramet's mistake-of-law argument is unexhausted and procedurally improper. The claim Ramet raised in his federal habeas corpus petition and the claim presented to the Nevada Supreme Court were substantially equivalent to the claim raised on this appeal. *See Picard v. Connor*, 404 U.S. 270, 278 (1971).

3

the jury must place the reasonable person in the defendant's circumstances. To that end, Reed focused on the multitude of stressors that Ramet had endured at the time of the killing. It therefore appears that Reed understood that Ramet's subjective provocation would not alone support a manslaughter conviction but that his strategy was to emphasize the conditions in which Ramet found himself. The district court correctly observed that "[t]here is no evidence that [Reed's] advice to Ramet included an 'incorrect legal rule,'" and the Nevada Supreme Court's conclusion that Reed was not deficient on this basis is not an unreasonable application of Supreme Court law.

Ramet also contends that the district court erred in concluding that the Nevada Supreme Court reasonably concluded that Reed's advice to reject the state's plea offer was properly based on the facts known to him at the time. After Ramet was arrested, he made several incriminating statements about the killing in phone calls to his other daughter. These phone calls were recorded and later produced by the state in discovery. Ramet argues that Reed "must not have looked at" the "jailhouse phone calls" because if he had, Reed would have concluded that Ramet did not have a viable shot at a manslaughter defense and would have advised Ramet to accept the state's plea offer. But Ramet's claim fails because he did not meet his burden to show that Reed had access to the jailhouse recordings before he advised Ramet to reject the plea offer. *See Burt v. Titlow*, 571 U.S. 12,

4

22–23 (2013).

In substance Ramet is arguing that Reed performed ineffectively because he gravely miscalculated Ramet's chances of obtaining a manslaughter conviction at trial. But "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." *Lafler*, 566 U.S. at 174. The Nevada Supreme Court reasonably concluded that Reed's advice to Ramet to reject the state's plea deal—which was premised on Reed's belief that Ramet had a good shot at a manslaughter conviction at trial—"falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

**AFFIRMED.**